UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CR447 AGF |
| ) | (FRB) |
| SANDRA KAY BRYANT (f/k/a ) | |
| SANDRA KAY KEMPER), et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court is defendant Sandra
Kay Bryant's Motion to Dismiss Alleged Unlawful Acts and Offenses
Against Defendant Which Occurred Beyond the Statute of Limitations
and Jurisdiction of the Court (Doc. #43). All pretrial motions
were referred to the undersigned United States Magistrate Judge
pursuant to 28 U.S.C. § 636(b).

On October 27, 2011, a grand jury sitting in this
district returned a two-count indictment charging defendants Sandra
Kay Bryant[1] and Steven Henry Kemper with one count of Aiding and
Abetting the Use of Fire to Commit Mail Fraud, in violation of 18
U.S.C. §§ 844(h) and 2 (Count I); and defendant Bryant with one

_____

[1]The defendant is presently known as "Sandra Kay Bryant." At
all times relevant to the incidents alleged in the indictment,
defendant's name was "Sandra Kay Kemper." Throughout this
Memorandum, the undersigned refers to the defendant by her current
surname, "Bryant."

count of Use of Fire to Commit Mail Fraud, in violation of 18 U.S.C. § 844(h) (Count II). The indictment describes in detail defendants' alleged conduct comprising the alleged scheme to commit the charged offenses. In the instant motion, defendant Bryant seeks to dismiss Count I of the indictment, arguing that the allegations made therein involve 1) criminal acts committed by Bryant's co-defendant alone without knowledge or participation by Bryant, 2) conduct which occurred outside the relevant statute of limitations, and 3) conduct which occurred outside the jurisdiction of this Court. The government has responded to the motion. For the following reasons, defendant Bryant's Motion to Dismiss should be denied.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that "[t]he indictment . . . shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001).

An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction,

to charge an offense to sustain a defendant's conviction thereof. Id. When considering a motion to dismiss an indictment, the Court accepts the allegations within the indictment as true. United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991).

Count I of the instant indictment charges a violation of 18 U.S.C. § 2 and 18 U.S.C. § 844(h), which punishes anyone who aids and abets the use fire or an explosive to commit any felony which may be prosecuted in a court of the United States. In order to establish aiding and abetting, the government must prove that the substantive offense has been committed. United States v. Dolt, 27 F.3d 235, 238 (6th Cir. 1994). To prove the substantive offense under § 844(h) as alleged in this cause, the government must prove that the defendant 1) used fire 2) to commit a felony which may be prosecuted in a court of the United States. United States v. Nguyen, 28 F.3d 477, 481 (5th Cir. 1994). In this case, the underlying felony defendants are alleged to have committed is mail fraud, in violation of 18 U.S.C. § 1341. The government must therefore show that the defendant 1) used a scheme to defraud, 2) which involved use of the mails, 3) and that the mails were used for the purpose of executing the scheme. Nguyen, 28 F.3d at 481.

A review of the indictment shows Count I to allege as follows: At all times relevant to the alleged offenses, defendant Bryant and co-defendant Kemper were married. On November 16, 2001,

defendant Bryant, with the assistance of Kemper, intentionally set fire to a residence located at 6682 Champana Lane in Florissant, Missouri, at which a number of persons resided, including defendant Bryant, defendant Kemper, their fifteen-year-old son, and defendant Kemper's mother. Defendants' son, Zachary Kemper, died as a result of the fire. Defendants intentionally set and used the fire for the purpose of defrauding various insurance companies through fraudulent pretenses and misrepresentations. Specifically, within hours of the fire, defendants Bryant and Kemper represented to Allstate Insurance Company, Transamerica Life Insurance Company and State Farm Insurance Company that the fire was accidental and unintentional. Thereafter, as a result, defendants received monetary proceeds from homeowners' and life insurance policies issued by these insurers. Defendants knowingly and intentionally made said misrepresentations to the insurers by their submission and receipt of documentation through use of the mails, as well as through other means. Likewise, defendants received the benefits of said insurance proceeds directly and indirectly through the mails.

The indictment alleges that the intentional setting of the fire at 6682 Champana Lane for the purpose of defrauding Allstate, Transamerica and State Farm was a part of an overall scheme by which defendants intentionally set and used fire to destroy other residential properties and obtain insurance monies related to those other properties. With respect to this scheme,

the indictment specifically alleges that defendant Kemper intentionally set fire to his mother's residence at 9780 Dennis Drive located in St. Louis County, Missouri, on January 1, 1997, from which defendants Bryant and Kemper benefitted from the mother's receipt of insurance proceeds thereon. The indictment further alleges that defendants Bryant and Kemper planned to set fire to Kemper's mother's subsequent residence located at 2101 State Street in Alton, Illinois; and that defendant Bryant intentionally set fire at that residence on July 20, 1999, after which defendants made misrepresentations to insurance companies and obtained benefit from their and the mother's receipt of insurance proceeds thereon. The indictment alleges that through the intentional and knowing use of fire to destroy these residences and the subsequent receipt of insurance proceeds thereon, defendants obtained knowledge and skill relative to the use of fire to destroy residential dwellings and the manner by which to obtain money, property and other benefits from an insurance company as a result. Said conduct occurring in relation to the Dennis Drive and State Street residences is alleged to have been a part of the overall scheme by which the defendants ultimately committed the offense charged in Count I, that is, aiding and abetting the intentional use of fire at the residence located at 6682 Champana Lane in Florissant, Missouri, on November 16, 2001, for the purpose of committing mail fraud.

Against this backdrop, the undersigned turns to the specific bases on which defendant Bryant argues that Count I of the indictment should be dismissed.

A.    Intent

Defendant Bryant contends that the government's only evidence relating to the fire at 9780 Dennis Drive shows that defendant Kemper acted alone without notice to any other individual, including defendant Bryant.  Defendant argues, therefore, that the government is unable to prove that she had the requisite fraudulent intent to commit mail fraud in relation to the property at 9780 Dennis Drive and that therefore the charge contained in Count I relating to the alleged mail fraud concerning the property at Dennis Drive should be dismissed.  Defendant's argument is misplaced.

As an initial matter, the undersigned notes that a pretrial motion to dismiss on the basis that the government's evidence is insufficient to prove the crime charged is premature. A challenge to the sufficiency of the evidence cannot be taken up prior to trial.  United States v. Ferro, 252 F.3d 964, 967-68 (8th Cir. 2001) (citing United States v. Gaudin, 515 U.S. 506, 523 (1995)).  "The courts have recognized . . . that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence."  United States v. Jones, 556 F. Supp. 2d 985, 991 (E.D. Mo. 2008) (citing Ferro, 252

F.3d at 968).  So long as the indictment contains a facially sufficient allegation, federal criminal procedure does not provide for a pretrial determination of sufficiency of the evidence. <u>Ferro</u>, 252 F.3d at 968 (citing <u>United States v. Critzer</u>, 951 F.2d 306, 307-08 (11th Cir. 1992)).  Accordingly, to the extent defendant seeks to dismiss Count I on the basis that the government's evidence is insufficient to establish the requisite intent for mail fraud, the motion should be denied.

Regardless of defendant's challenge to the government's evidence, her basis for dismissal continues to lack merit.  Count I alleges that defendant aided and abetted the use of fire to commit mail fraud by using fire to destroy the Champana Lane residence as a part of a scheme to deceive various insurance companies to make payments, through the use of the mails, for claimed losses of life and property.  To establish an offense of mail fraud, the government must prove, *inter alia,* a scheme or artifice to defraud.  <u>See</u> 18 U.S.C. § 1341.  The allegations relating to the fire at the Dennis Drive residence are relevant to showing defendants' conduct in furtherance of the overall scheme to use fire to obtain ill gotten insurance proceeds through the use of the mails, which culminated in the charged offense committed in relation to the fire set at the Champana Lane address in November 2001.  Contrary to defendant Bryant's assertion, the allegations relating to the fire at the Dennis Drive residence do not

constitute a separately charged offense but instead provide factual background demonstrating the overall scheme to defraud which culminated in the charged offense relating to the fire at the Champana Lane residence. Indeed, defendant Bryant does not challenge the sufficiency of Count I as it relates to the requisite intent necessary to establish criminal culpability with regard to the alleged fraud associated with the Champana Lane fire, the only charged offense in Count I.

Accordingly, to the extent defendant Bryant seeks to dismiss Count I on the basis that the charge fails to establish that she acted with the requisite intent to commit mail fraud in relation to the fire set at 9780 Dennis Drive, the motion should be denied.

B.    Statute of Limitations

Defendant argues that the charges alleged in Count I relating to the residences located at 9780 Dennis Drive and 2101 State Street should be dismissed inasmuch as the mailings alleged to have occurred in relation to said properties occurred outside the relevant statute of limitations period. As with defendant's argument set out above relating to requisite intent, the instant contention is without merit.

An offense under 18 U.S.C. § 844(h) must be charged not later than ten years after the date on which the offense was committed. 18 U.S.C. § 3295. In the circumstances of this case,

where defendant is charged under § 844(h) of using fire to commit mail fraud, the statute of limitations begins to run on the date the ensuing commission of mail fraud occurred in connection with the relevant insurance claims. See United States v. Beardslee, 197 F.3d 378, 384-85 (9th Cir. 1999). Because the instant indictment was returned on October 27, 2011, the commission of mail fraud as alleged in Count I must have occurred not earlier than ten years prior.

Count I of the indictment charges defendants with aiding and abetting the commission of § 844(h) through the use of fire at Champana Lane on November 16, 2001, to commit mail fraud. Defendants' use of the mails to fraudulently obtain insurance proceeds as a result of the fire is alleged to have occurred subsequent to the fire. Because the use of the mails as charged in Count I is alleged to have occurred on or after November 16, 2001, and thus subsequent to October 27, 2001, the alleged offense falls within the ten-year statute of limitations. Defendant's argument that the conduct alleged to have occurred in relation to the fires at Dennis Drive and State Street falls outside this ten-year period is of no instance. Such alleged conduct merely provides a factual basis demonstrating the existence of a scheme to commit the mail fraud which occurred in relation to the charged offense concerning the Champana Lane fire. The acts associated with Dennis Drive and State Street are not separately charged offenses and thus are not

subject to the relevant statute of limitations. An indictment that alleges the existence of a scheme for a period prior to the acts charged and outside the relevant statute of limitations is not defective. See, e.g., United States v. Scott, 668 F.2d 384, 387 (8th Cir. 1981); cf. United States v. Primrose, 718 F.2d 1484, 1492 (10th Cir. 1983).

Accordingly, Count I of the indictment is not barred by the relevant statute of limitations, and defendant's motion to dismiss on this basis should be denied.

C.    Jurisdiction

Finally, defendant argues that this Court lacks jurisdiction over the charge contained in Count I to the extent it relates to alleged conduct occurring outside the Eastern District of Missouri, and specifically, that conduct involving 2101 State Street in Alton, Illinois.[2] Defendant's argument again is premised on her misplaced belief that the separate fires described in Count I constitute separate bases upon which to charge defendant with violations of § 844(h). As set out above, however, the substantive offense alleged in Count I is based on that conduct involving the fire at Champana Lane in Florissant, Missouri — within the Eastern District of Missouri. The factual allegations involving the fires

_____

[2]Although defendant couches her argument in terms of "jurisdiction," a reading of the argument shows her in fact to be challenging this Court's venue. See Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed.").

at Dennis Drive and State Street are included in the indictment to demonstrate the overall scheme and the manner by which defendants obtained the knowledge and the skill to commit mail fraud as it occurred in relation to the fire set at the Champana Lane residence. Because the substantive crime alleged in Count I occurred within the Eastern District of Missouri, defendant's claim that related conduct occurring outside this district renders this Court without jurisdiction is without merit. See United States v. Marchant, 774 F.2d 888, 891-92 (8th Cir. 1985) ("In many instances all aspects of an offense are not committed within a single district.").

A review of Count I of the indictment shows it to allege all of the essential elements constituting the offense charged and to comply in all respects with Fed. R. Crim. P. Rule 7(c), including a definite written statement of the essential facts constituting the offense charged.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant Sandra Kay Bryant's Motion to Dismiss Alleged Unlawful Acts and Offenses Against Defendant Which Occurred Beyond the Statute of Limitations and Jurisdiction of the Court (Doc. #43) be denied.

The parties are advised that any written objections to the findings and determinations made herein shall be filed not

later than **December 11, 2013.**  Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).


_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE


Dated this _27th_ day of November, 2013.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  4:11CR447 AGF
                                )                    (FRB)
SANDRA KAY BRYANT (f/k/a        )
SANDRA KAY KEMPER), et al.,     )
                                )
            Defendants.         )


**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court is defendant Sandra
Kay Bryant's Motion to Dismiss Alleged Unlawful Acts and Offenses
Against Defendant Which Occurred Beyond the Statute of Limitations
and Jurisdiction of the Court (Doc. #43).  All pretrial motions
were referred to the undersigned United States Magistrate Judge
pursuant to 28 U.S.C. § 636(b).

On October 27, 2011, a grand jury sitting in this
district returned a two-count indictment charging defendants Sandra
Kay Bryant[1] and Steven Henry Kemper with one count of Aiding and
Abetting the Use of Fire to Commit Mail Fraud, in violation of 18
U.S.C. §§ 844(h) and 2 (Count I); and defendant Bryant with one

---

[1]The defendant is presently known as "Sandra Kay Bryant."  At
all times relevant to the incidents alleged in the indictment,
defendant's name was "Sandra Kay Kemper."  Throughout this
Memorandum, the undersigned refers to the defendant by her current
surname, "Bryant."

count of Use of Fire to Commit Mail Fraud, in violation of 18 U.S.C. § 844(h) (Count II). The indictment describes in detail defendants' alleged conduct comprising the alleged scheme to commit the charged offenses. In the instant motion, defendant Bryant seeks to dismiss Count I of the indictment, arguing that the allegations made therein involve 1) criminal acts committed by Bryant's co-defendant alone without knowledge or participation by Bryant, 2) conduct which occurred outside the relevant statute of limitations, and 3) conduct which occurred outside the jurisdiction of this Court. The government has responded to the motion. For the following reasons, defendant Bryant's Motion to Dismiss should be denied.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that "[t]he indictment . . . shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001).

An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction,

to charge an offense to sustain a defendant's conviction thereof. Id. When considering a motion to dismiss an indictment, the Court accepts the allegations within the indictment as true. United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991).

Count I of the instant indictment charges a violation of 18 U.S.C. § 2 and 18 U.S.C. § 844(h), which punishes anyone who aids and abets the use fire or an explosive to commit any felony which may be prosecuted in a court of the United States. In order to establish aiding and abetting, the government must prove that the substantive offense has been committed. United States v. Dolt, 27 F.3d 235, 238 (6th Cir. 1994). To prove the substantive offense under § 844(h) as alleged in this cause, the government must prove that the defendant 1) used fire 2) to commit a felony which may be prosecuted in a court of the United States. United States v. Nguyen, 28 F.3d 477, 481 (5th Cir. 1994). In this case, the underlying felony defendants are alleged to have committed is mail fraud, in violation of 18 U.S.C. § 1341. The government must therefore show that the defendant 1) used a scheme to defraud, 2) which involved use of the mails, 3) and that the mails were used for the purpose of executing the scheme. Nguyen, 28 F.3d at 481.

A review of the indictment shows Count I to allege as follows: At all times relevant to the alleged offenses, defendant Bryant and co-defendant Kemper were married. On November 16, 2001,

defendant Bryant, with the assistance of Kemper, intentionally set fire to a residence located at 6682 Champana Lane in Florissant, Missouri, at which a number of persons resided, including defendant Bryant, defendant Kemper, their fifteen-year-old son, and defendant Kemper's mother. Defendants' son, Zachary Kemper, died as a result of the fire. Defendants intentionally set and used the fire for the purpose of defrauding various insurance companies through fraudulent pretenses and misrepresentations. Specifically, within hours of the fire, defendants Bryant and Kemper represented to Allstate Insurance Company, Transamerica Life Insurance Company and State Farm Insurance Company that the fire was accidental and unintentional. Thereafter, as a result, defendants received monetary proceeds from homeowners' and life insurance policies issued by these insurers. Defendants knowingly and intentionally made said misrepresentations to the insurers by their submission and receipt of documentation through use of the mails, as well as through other means. Likewise, defendants received the benefits of said insurance proceeds directly and indirectly through the mails.

The indictment alleges that the intentional setting of the fire at 6682 Champana Lane for the purpose of defrauding Allstate, Transamerica and State Farm was a part of an overall scheme by which defendants intentionally set and used fire to destroy other residential properties and obtain insurance monies related to those other properties. With respect to this scheme,

the indictment specifically alleges that defendant Kemper intentionally set fire to his mother's residence at 9780 Dennis Drive located in St. Louis County, Missouri, on January 1, 1997, from which defendants Bryant and Kemper benefitted from the mother's receipt of insurance proceeds thereon.  The indictment further alleges that defendants Bryant and Kemper planned to set fire to Kemper's mother's subsequent residence located at 2101 State Street in Alton, Illinois; and that defendant Bryant intentionally set fire at that residence on July 20, 1999, after which defendants made misrepresentations to insurance companies and obtained benefit from their and the mother's receipt of insurance proceeds thereon.  The indictment alleges that through the intentional and knowing use of fire to destroy these residences and the subsequent receipt of insurance proceeds thereon, defendants obtained knowledge and skill relative to the use of fire to destroy residential dwellings and the manner by which to obtain money, property and other benefits from an insurance company as a result. Said conduct occurring in relation to the Dennis Drive and State Street residences is alleged to have been a part of the overall scheme by which the defendants ultimately committed the offense charged in Count I, that is, aiding and abetting the intentional use of fire at the residence located at 6682 Champana Lane in Florissant, Missouri, on November 16, 2001, for the purpose of committing mail fraud.

Against this backdrop, the undersigned turns to the specific bases on which defendant Bryant argues that Count I of the indictment should be dismissed.

A.  <u>Intent</u>

Defendant Bryant contends that the government's only evidence relating to the fire at 9780 Dennis Drive shows that defendant Kemper acted alone without notice to any other individual, including defendant Bryant. Defendant argues, therefore, that the government is unable to prove that she had the requisite fraudulent intent to commit mail fraud in relation to the property at 9780 Dennis Drive and that therefore the charge contained in Count I relating to the alleged mail fraud concerning the property at Dennis Drive should be dismissed. Defendant's argument is misplaced.

As an initial matter, the undersigned notes that a pretrial motion to dismiss on the basis that the government's evidence is insufficient to prove the crime charged is premature. A challenge to the sufficiency of the evidence cannot be taken up prior to trial. <u>United States v. Ferro</u>, 252 F.3d 964, 967–68 (8th Cir. 2001) (citing <u>United States v. Gaudin</u>, 515 U.S. 506, 523 (1995)). "The courts have recognized . . . that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence." <u>United States v. Jones</u>, 556 F. Supp. 2d 985, 991 (E.D. Mo. 2008) (citing <u>Ferro</u>, 252

F.3d at 968).  So long as the indictment contains a facially

sufficient allegation, federal criminal procedure does not provide

for a pretrial determination of sufficiency of the evidence.

Ferro, 252 F.3d at 968 (citing United States v. Critzer, 951 F.2d

306, 307-08 (11th Cir. 1992)).  Accordingly, to the extent

defendant seeks to dismiss Count I on the basis that the

government's evidence is insufficient to establish the requisite

intent for mail fraud, the motion should be denied.

Regardless of defendant's challenge to the government's

evidence, her basis for dismissal continues to lack merit.  Count

I alleges that defendant aided and abetted the use of fire to

commit mail fraud by using fire to destroy the Champana Lane

residence as a part of a scheme to deceive various insurance

companies to make payments, through the use of the mails, for

claimed losses of life and property.  To establish an offense of

mail fraud, the government must prove, *inter alia,* a scheme or

artifice to defraud.  See 18 U.S.C. § 1341.  The allegations

relating to the fire at the Dennis Drive residence are relevant to

showing defendants' conduct in furtherance of the overall scheme to

use fire to obtain ill gotten insurance proceeds through the use of

the mails, which culminated in the charged offense committed in

relation to the fire set at the Champana Lane address in November

2001.  Contrary to defendant Bryant's assertion, the allegations

relating to the fire at the Dennis Drive residence do not

constitute a separately charged offense but instead provide factual background demonstrating the overall scheme to defraud which culminated in the charged offense relating to the fire at the Champana Lane residence. Indeed, defendant Bryant does not challenge the sufficiency of Count I as it relates to the requisite intent necessary to establish criminal culpability with regard to the alleged fraud associated with the Champana Lane fire, the only charged offense in Count I.

Accordingly, to the extent defendant Bryant seeks to dismiss Count I on the basis that the charge fails to establish that she acted with the requisite intent to commit mail fraud in relation to the fire set at 9780 Dennis Drive, the motion should be denied.

B.   Statute of Limitations

Defendant argues that the charges alleged in Count I relating to the residences located at 9780 Dennis Drive and 2101 State Street should be dismissed inasmuch as the mailings alleged to have occurred in relation to said properties occurred outside the relevant statute of limitations period. As with defendant's argument set out above relating to requisite intent, the instant contention is without merit.

An offense under 18 U.S.C. § 844(h) must be charged not later than ten years after the date on which the offense was committed. 18 U.S.C. § 3295. In the circumstances of this case,

where defendant is charged under § 844(h) of using fire to commit mail fraud, the statute of limitations begins to run on the date the ensuing commission of mail fraud occurred in connection with the relevant insurance claims. See United States v. Beardslee, 197 F.3d 378, 384-85 (9th Cir. 1999). Because the instant indictment was returned on October 27, 2011, the commission of mail fraud as alleged in Count I must have occurred not earlier than ten years prior.

Count I of the indictment charges defendants with aiding and abetting the commission of § 844(h) through the use of fire at Champana Lane on November 16, 2001, to commit mail fraud. Defendants' use of the mails to fraudulently obtain insurance proceeds as a result of the fire is alleged to have occurred subsequent to the fire. Because the use of the mails as charged in Count I is alleged to have occurred on or after November 16, 2001, and thus subsequent to October 27, 2001, the alleged offense falls within the ten-year statute of limitations. Defendant's argument that the conduct alleged to have occurred in relation to the fires at Dennis Drive and State Street falls outside this ten-year period is of no instance. Such alleged conduct merely provides a factual basis demonstrating the existence of a scheme to commit the mail fraud which occurred in relation to the charged offense concerning the Champana Lane fire. The acts associated with Dennis Drive and State Street are not separately charged offenses and thus are not

subject to the relevant statute of limitations. An indictment that alleges the existence of a scheme for a period prior to the acts charged and outside the relevant statute of limitations is not defective. See, e.g., United States v. Scott, 668 F.2d 384, 387 (8th Cir. 1981); cf. United States v. Primrose, 718 F.2d 1484, 1492 (10th Cir. 1983).

Accordingly, Count I of the indictment is not barred by the relevant statute of limitations, and defendant's motion to dismiss on this basis should be denied.

C.  Jurisdiction

Finally, defendant argues that this Court lacks jurisdiction over the charge contained in Count I to the extent it relates to alleged conduct occurring outside the Eastern District of Missouri, and specifically, that conduct involving 2101 State Street in Alton, Illinois.[2] Defendant's argument again is premised on her misplaced belief that the separate fires described in Count I constitute separate bases upon which to charge defendant with violations of § 844(h). As set out above, however, the substantive offense alleged in Count I is based on that conduct involving the fire at Champana Lane in Florissant, Missouri — within the Eastern District of Missouri. The factual allegations involving the fires

_____

[2]Although defendant couches her argument in terms of "jurisdiction," a reading of the argument shows her in fact to be challenging this Court's venue. See Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed.").

at Dennis Drive and State Street are included in the indictment to demonstrate the overall scheme and the manner by which defendants obtained the knowledge and the skill to commit mail fraud as it occurred in relation to the fire set at the Champana Lane residence. Because the substantive crime alleged in Count I occurred within the Eastern District of Missouri, defendant's claim that related conduct occurring outside this district renders this Court without jurisdiction is without merit. See United States v. Marchant, 774 F.2d 888, 891-92 (8th Cir. 1985) ("In many instances all aspects of an offense are not committed within a single district.").

A review of Count I of the indictment shows it to allege all of the essential elements constituting the offense charged and to comply in all respects with Fed. R. Crim. P. Rule 7(c), including a definite written statement of the essential facts constituting the offense charged.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant Sandra Kay Bryant's Motion to Dismiss Alleged Unlawful Acts and Offenses Against Defendant Which Occurred Beyond the Statute of Limitations and Jurisdiction of the Court (Doc. #43) be denied.

The parties are advised that any written objections to the findings and determinations made herein shall be filed not

later than **December 11, 2013.**  Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


_____
UNITED STATES MAGISTRATE JUDGE


Dated this  _27th_  day of November, 2013.